# APPENDIX A
Pages 12-30

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF YAKIMA

| | |
|---|---|
| YAKIMA VALLEY COMMUNITY FOUNDATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH MANAGEMENT ASSOCIATES, LLC, a Washington corporation, HEALTH MANAGEMENT ASSOCIATES, INC., a Michigan corporation, <u>YAKIMA HMA LLC.</u>, a Washington corporation, and CHSPSC, LLC, a Delaware corporation,<br><br>Defendants. | No.<br><br>SUMMONS |

TO DEFENDANT YAKIMA HMA LLC:

A lawsuit has been started against you in the above-entitled Court by plaintiff Yakima Valley Community Foundation. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons, excluding the day of service, or a default judgment may

SUMMONS - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

30132 1 fd29bn17h8

be entered against you without notice. A default judgment is one where plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 29th day of April, 2016.

PACIFICA LAW GROUP LLP

By _____
Paul J. Lawrence, WSBA # 13557
Alanna E. Peterson, WSBA #46502

Attorneys for Plaintiff Yakima Valley Community Foundation

SUMMONS - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750



FILED
APR 29 2016
YAKIMA COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF YAKIMA

| | |
|---|---|
| YAKIMA VALLEY COMMUNITY FOUNDATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH MANAGEMENT ASSOCIATES, LLC, a Washington corporation, HEALTH MANAGEMENT ASSOCIATES, INC., a Michigan corporation, YAKIMA HMA LLC., a Washington corporation, and CHSPSC, LLC, a Delaware corporation,<br><br>Defendants. | No. 16 2 01184 39<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## I. INTRODUCTION

The Yakima Regional Medical and Cardiac Center and the Toppenish Community Hospital (the "Hospitals") provide vital health and social services to the people of the Yakima Valley. When the Hospitals were transferred from a nonprofit entity to a corporate parent, Health Management Associates, Inc., and its subsidiary, Yakima HMA, LLC (together, "HMA"), the parties agreed to create the Yakima Valley Community Foundation (the "Foundation") to

COMPLAINT FOR DECLARATORY JUDGMENT - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

ensure the continued quality of and accessibility to affordable health care services for all members of the community. As required by state law, HMA covenanted to ensure the same. Similarly HMA was required to commit to providing health care to the disadvantaged, the uninsured, and the underinsured and to providing benefits to promote improved health in the community. But HMA and its successors-in-interest have fallen short. For example, State law requires that the Hospitals use reasonable efforts to provide essential health care services to indigent persons, known as charity care, in an amount comparable to or exceeding the regional average. But since at least 2011, the Hospitals have failed to meet the regional average.

As required by state law, the parties also provided the Foundation with a right of first refusal ("ROFR") in the event HMA or its successors-in-interest seek to dispose of the Hospitals. The ROFR ensures that the Foundation can protect the interests of the Yakima Valley community in the event of a proposed sale. To invoke the ROFR, HMA must provide notice to the Foundation of a proposed binding transaction, which must include a complete description of the transaction's essential terms. On March 16, 2016, HMA asserted that a preliminary, nonbinding letter of intent invoked the Foundation's ROFR. The Foundation disagreed that the non-binding letter of intent was sufficient to trigger the ROFR, and proposed that HMA withdraw its notice and provide an executed, binding, and complete agreement with the proposed buyer instead. Moreover, the Foundation also sought confirmation of its ability to assign its ROFR to a third party. HMA stated that the ROFR did not allow an assignment although there is nothing in the ROFR that prohibits assignment. Finally, as an alternative, the Foundation requested that HMA extend the timeframes for exercising and closing a transaction under the ROFR in light of the fact that the proposed agreement had not been signed and the potential acquiring company was continuing a due diligence process that likely would affect the final

COMPLAINT FOR DECLARATORY JUDGMENT - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

16

terms of the agreement. HMA rejected that effort as well, and instead asserted that the Foundation had until only April 29, 2016 to exercise its ROFR or lose its rights.

Accordingly, the Foundation had no choice but to file this declaratory judgment action to ensure that HMA and its successor-in-interest CHSPSC, LLC meet their obligations under the law and under contract to meet the health care needs of all members of the Yakima Valley community.

## II. PARTIES

1. The Foundation is a Washington nonprofit corporation and the fourth-largest community foundation in Washington. The Foundation distributes its endowment to improve the quality and accessibility of health care services in the Yakima Valley.

2. Health Management Associates, LLC is a Washington corporation. It has been inactive since November 11, 2006.

3. Health Management Associates, Inc. is a Michigan corporation. It has been inactive since September 1, 2015. Health Management Associates, Inc., along with Yakima HMA, LLC, acquired the Hospitals in 2003.

4. Yakima HMA, LLC is a Washington corporation and a subsidiary of Health Management Associates, Inc. Yakima HMA, LLC was created in 2003 to acquire and subsequently operate the Hospitals.

5. CHSPSC, LLC is a Delaware corporation. CHSPSC, LLC is the successor-in-interest to Health Management Associates, Inc. and currently owns and operates the Hospitals.

## III. JURISDICTION AND VENUE

6. This Court has subject matter and personal jurisdiction over the parties pursuant to Chapter 7.24 RCW and Chapter 2.08 RCW.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

7. Venue is proper pursuant to RCW 4.12.025. This dispute relates to real property in Yakima County, Washington.

## IV. FACTS

8. Washington State has a vested interest in "assuring the continued existence of accessible, affordable health care facilities that are responsive to the needs of the communities in which they exist." RCW 70.45.010.

9. The state legislature recognizes that the sale of nonprofit hospitals to for-profit entities may imperil that interest. The legislature adopted stringent requirements to safeguard to charitable and public assets of nonprofit hospitals in the event of such a sale. Chapter 70.45 RCW.

10. All transactions involving the sale of nonprofit hospitals must "not detrimentally affect the continued existence of accessible, affordable health care that is responsive to the needs of the community in which the hospital to be acquired is located." RCW 70.45.080. Moreover, the transaction must ensure that "[s]ufficient safeguards are included to assure the affected community continued access to affordable care . . ." RCW 70.45.080; RCW 70.45.070.

11. RCW 70.45.080 also requires that "[t]he acquiring person and parties to the acquisition are committed to providing health care to the disadvantaged, the uninsured, and the underinsured and to providing benefits to promote improved health in the affected community."

12. To ensure the continued quality and accessibility of care, RCW 70.45 requires that "[a] right of first refusal to repurchase the assets by a successor nonprofit corporation or foundation has been retained if the hospital is subsequently sold to, acquired by, or merged with another entity." RCW 70.45.070.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

13. Providence Health System Washington ("Providence"), a nonprofit corporation, owned and operated two acute care hospitals in the Yakima Valley, the Yakima Regional Medical and Cardiac Center and the Toppenish Community Hospital (the "Hospitals").

14. In 2003, Providence contemplated the sale of the Hospitals to Health Management Associates, Inc. and Yakima HMA, LLC, both for-profit corporations.

15. To execute the sale, Providence, Health Management Associates, Inc., and Yakima HMA, LLC entered into an Asset Purchase Agreement on March 18, 2003 (the "Agreement"). (Health Management Associates, Inc. and Yakima HMA, LLC and their successor-in-interest CHSPSC together are referenced as "HMA").

16. The Attorney General reviewed the proposed sale to ensure that it complied with the requirements of Chapter RCW 70.45, including the continued quality and accessibility of healthcare for the people of the Yakima Valley.

17. Providence created the Foundation, an independent community foundation to control the assets from the sale to ensure that the proceeds were used to "further charitable purposes, including the provision of healthcare to the disadvantaged, the uninsured and underinsured" and to "provid[e] benefits to promote improved health in and around Yakima County." Agreement, 10.3(h).

18. Pursuant to RCW 70.45.070, Providence and HMA elected to provide the right of first refusal ("ROFR") to the Foundation in the event HMA proposes to dispose of the Hospitals through transfer, sale, merger, or consolidation ("Disposition"). Agreement, Schedule 10.8(a), attached as Exhibit A.

19. To invoke the ROFR, HMA must provide adequate notice to the Foundation. Notice must include "a complete description of the essential terms of the proposed Disposition,

COMPLAINT FOR DECLARATORY JUDGMENT - 5

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

19

including the nature and amount of the proposed consideration and the proposed payment terms thereof." Schedule 10.8(a).

20. Within 30 days of receiving adequate notice, the Foundation may elect to exercise the ROFR by notifying HMA and providing a "good faith deposit" to HMA equal to five percent of the consideration proposed to be paid by the other buyer ("First Refusal Price"). Schedule, 10(b).

21. Consistent with the state's interest in the continued quality and accessibility of healthcare, the legislature requires that hospitals offer a certain amount of charity care.

22. Charity care is "necessary hospital health care rendered to indigent persons, to the extent that the persons are unable to pay for the care or to pay deductibles or co-insurance amounts required by a third-party payer." RCW 70.170.020.

23. The State Department of Health issued Certificates of Need for the Hospitals. The Certificates of Need require that the Hospitals use "reasonable efforts to provide charity care in an amount comparable to or exceeding the average amount of charity care provided by hospitals in the Central Region."

24. From 2006 to 2014, the average percentage of patient service dedicated to charity care in the Central Washington region was 1.48%. But at Yakima Regional Medical and Cardiac Center and Toppenish Community Hospital, the average was 0.67% and 1.47%, respectively.[1] For each year from at least 2010 to 2014, the most recent year for which data has been analyzed, both Hospitals consistently provided less charity care than the regional average.

---

[1] Wash. Dept. of Health, Charity Care in Washington Hospitals, (Jan. 2016), *available at* http://www.doh.wa.gov/DataandStatisticalReports/HealthcareinWashington/HospitalandPatientData/HospitalPatientInformationandCharityCare/CharityCareinWashingtonHospitals.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

| Year | Central Region Average | Yakima Regional Medical and Cardiac Hospital Average | Toppenish Community Hospital Average |
|---|---|---|---|
| 2014 | 2.16% | 0.68% | N/A |
| 2013 | 2.16% | 0.78% | 1.00% |
| 2012 | 2.49% | 1.54% | 1.36% |
| 2011 | 2.36% | 1.05% | 1.10% |

25. On March 1, 2016, a buyer submitted to HMA a "non-binding agreement in principle" with CHSPSC, LLC setting forth several broad deal terms under which the buyer might purchase the Hospitals ("Letter of Intent"). CHSPSC, LLC purportedly owns and operates the Hospitals.

26. The Letter of Intent is nonbinding and states that the parties contemplate that a "Definitive Agreement" will be drafted at some point in the future.

27. The Letter of Intent includes a No-Shop Provision, in which CHSPSC, LLC agrees that it will not, without the buyer's approval, (1) offer to sell the Hospitals, (2) solicit offers to buy the Hospitals, (3) discuss with another party such an offer or solicitation, or (4) enter into an agreement with another party regarding the sale or disposition of the Hospitals.

28. The Letter of Intent does not address essential components of the deal, including conditions precedent to the parties obligation to perform; establishing a credit worthy entity or escrow holdback to account for post-closing liabilities; adjustments to purchase price; representations and warranties of the seller; specific parameters of the non-compete; specific allocation of the purchase price; whether there is a due diligence period and if so, its length; and the timeline for closing.

29. The Letter of Intent also does not include schedules, lists, or disclosures.

COMPLAINT FOR DECLARATORY JUDGMENT - 7

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

21

30. On information and belief, HMA and Buyer have not completed substantive due diligence to ascertain the essential facts of the transaction and their implications for the stated purchase price. The Foundation believes that the non-binding agreement will be subject to further negotiation based on said due diligence and that a definitive binding agreement will not be signed at least until said due diligence is complete.

31. On information and belief, the Attorney General's office and other state agencies have not received notice of, reviewed, or approved of the proposed sale.

32. HMA has failed to inform the local board of trustees for the Hospitals of the Letter of Intent, foreclosing the opportunity for meaningful community input.

33. The buyer has not submitted earnest money or other payment to demonstrate its commitment to purchase the Hospitals.

34. On March 16, 2016, Health Management Associates, LLC sent a letter to the Foundation informing it of the Letter of Intent between Buyer and CHSPSC, LLC and asserting that the Letter of Intent invoked the Foundation's ROFR ("ROFR Notice").

35. By letter dated March 29, 2016, the Foundation sent a letter informing HMA that the nonbinding, preliminary Letter of Intent did not invoke the Foundation's ROFR. The Foundation requested that HMA revoke the ROFR Notice immediately and comply with the terms of the ROFR by providing the Foundation with the final Definitive Agreement.

36. On March 31, 2016, HMA informed the Foundation that it did not intend to withdraw the ROFR Notice and would provide the Foundation until April 29, 2016 to exercise the ROFR. On April 20, 2016, HMA provided the Foundation with a non-binding draft Asset Purchase Agreement.

COMPLAINT FOR DECLARATORY JUDGMENT – 8

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

37. This controversy is propounded by the short timeline permitted for the Foundation to exercise its ROFR or foreclose all opportunities to ensure the sale of the Hospitals to another appropriate entity that will meet required commitments to provide affordable and charity health care to the community.

38. HMA has attempted to impede further the Foundation's ability to exercise the ROFR by taking the position that the ROFR is not assignable.

## V.    FIRST CAUSE OF ACTION

### (Declaratory Judgment—Right of First Refusal)

39. An actual dispute exists between HMA and the Foundation regarding whether the non-binding, preliminary Letter of Intent is sufficient to invoke the Foundation's ROFR.

40. HMA and the Foundation have genuine and opposing interests which are direct and substantial.

41. A judicial determination would be final and conclusive.

42. The Foundation is entitled to a declaratory judgment stating (1) the Letter of Intent is only invoked by a binding agreement that contains a complete description of the essential terms of the deal, (2) the nonbinding, preliminary Letter of Intent is neither sufficiently detailed nor definitive to invoke the ROFR, and (3) the ROFR Notice is insufficient, ineffective, and void.

## VI.    SECOND CAUSE OF ACTION

### (Declaratory Judgment—Charity Care)

43. An actual dispute exists between HMA and the Foundation regarding whether HMA has provided the level of charity care required by the Agreement and the Certificates of Need.

COMPLAINT FOR DECLARATORY JUDGMENT - 9

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

44. HMA and the Foundation have genuine and opposing interests which are direct and substantial.

45. A judicial determination would be final and conclusive.

46. The Foundation is entitled to a declaratory judgment stating (1) the Agreement and the Certificates of Need require HMA and its successors-in-interest to use reasonable efforts to provide charity care in an amount comparable to or exceeding the average amount provided by hospitals in the Central Washington region, (2) HMA and its successors-in-interest have failed to take reasonable efforts to provide the requisite amount of charity care, and (3) the failure of HMA and its successors-in-interest to provide charity care is a violation of the Agreement and the Certificate of Need.

## VII. PRAYER FOR RELIEF

The Foundation respectfully requests the following relief:

A. A declaratory judgment stating:

    (1) the Letter of Intent is only invoked by a binding agreement that contains a complete description of the essential terms of the deal,

    (2) the nonbinding, preliminary Letter of Intent is not sufficiently detailed or definitive to invoke the ROFR,

    (3) the ROFR Notice is insufficient, ineffective, and void

    (4) the Agreement and the Certificates of Need require HMA and its successors-in-interest to use reasonable efforts to provide charity care in an amount comparable to or exceeding the average amount provided by hospitals in the Central Washington region,

COMPLAINT FOR DECLARATORY JUDGMENT - 10

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

24

(5) HMA and its successors-in-interest have failed to take reasonable efforts to provide the requisite amount of charity care, and

(6) the failure of HMA and its successors-in-interest to provide charity care is a violation of the Agreement and the Certificate of Need.

B. An award of reasonable attorney fees, expenses, and costs to the fullest extent allowed by law and equity; and

C. Such further relief as this Court deems necessary and proper.

DATED this 29th day of April, 2016.

PACIFICA LAW GROUP LLP

By _____
Paul J. Lawrence, WSBA # 13557
Alanna E. Peterson, WSBA #46502

Attorneys for Plaintiff Yakima Valley Community Foundation

COMPLAINT FOR DECLARATORY JUDGMENT - 11

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2100
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# EXHIBIT A

CONFIDENTIAL

## Schedule 16.8

### Right of First Refusal

(a) In the event HMA proposes to dispose of one or both Hospital Facilities, whether by (I) a transfer or sale of more than 50 percent of the voting interest or stock, or substantially all of the assets, of Sub to a Person which is not an Affiliate of HMA immediately after such transfer or sale, or (ii) the merger or consolidation of Sub with or into a Person, the result of which is that the surviving entity is not an Affiliate of HMA immediately after such merger or consolidation (each, a "*Disposition*"), then HMA will first give the right of first refusal (the "*First Refusal*") to the Foundation to acquire all (but not less than all) of the assets or capital stock subject to the proposed Disposition (the "*First Refusal Transaction*") upon payment to HMA of the First Refusal Price. The First Refusal will be given by notice to the Foundation, containing a complete description of the essential terms of the proposed Disposition, including the nature and amount of the proposed consideration and the proposed payment terms thereof, and the name, address, qualifications and background of the Person with which the Disposition is proposed (the "*Acquiror*") (the date on which such notice is given being the "*Offer Date*"). The "*First Refusal Price*" means the same nature and amount of consideration, payable on the same payment terms, proposed to be paid by the acquiror in the Disposition.

(b) The First Refusal may be exercised by the Foundation by giving to HMA notice of exercise within 30 days following the Offer Date. The Foundation's notice will contain an unequivocal statement of its intention to exercise the First Refusal in accordance with the provisions of this Section and will be accompanied by (iii) a certificate to the effect that the Foundation will use its best efforts, in good faith, to ensure that sufficient funds will, by the time of closing, be available to the Foundation to enable it to pay the First Refusal Price, and (iv) a good faith deposit in an amount equal to 5 percent of the First Refusal Price, which deposit will constitute liquidated damages payable to HMA if the Foundation fails to close the First Refusal Transaction as provided by this Section.

(c) Within 60 days following the Offer Date, HMA and the Foundation will enter into an agreement setting forth the terms and conditions of the First Refusal Transaction (the "*First Refusal Agreement*") and will consummate the First Refusal Transaction. The parties' efforts in that regard will be pursued diligently and in good faith, and the First Refusal Agreement will contain only those terms and conditions, comparable to the terms and conditions of this Agreement, as would be customary to consummate the First Refusal Transaction in accordance with the provisions of this Section, including those in respect of any required Governmental Authorizations.



(d)   In the event that the Foundation fails to exercise the First Refusal as herein provided, or fails to execute the First Refusal Agreement as herein provided, or fails to close the First Refusal Transaction as herein and therein provided, then HMA's and Sub's consummation of the Disposition will not give rise to any rights or obligations, provided that the Disposition is to the Acquiror and on substantially the terms and conditions described in the notice given by HMA to the Foundation.

(e)   Subject to the execution of a confidentiality agreement acceptable to HMA and its counsel, Sub and HMA will afford to the Foundation and its counsel, accountants and other representatives reasonable access during the period commencing on the Offer Date to and including the date of expiration of the First Refusal or the closing or termination of the First Refusal Transaction (whichever is earliest), to the Hospital Facility or Facilities involved in the Disposition, and the books and records of Sub relevant to its operation of such Hospital Facility or Hospital Facilities, and will promptly furnish the Foundation with all information as the Foundation reasonably requests in connection therewith.

phi\cwsa\03\Schedules-A


APR 2 9 2016
YAKIMA COUNTY CLERK

CIVIL
YAKIMA COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

Case Number: 16 2 01 1 8439

**Case Title:** Yakima Valley Community Foundation v. Health Management Associates, LLC

**Attorney Name:** Paul Lawrence, WSBA No. 13557

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ | PRG | Property Damage -- Gangs |
| ☐ | ALR | Administrative Law Review | ☐ | PRP | Property Damages |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ | QTI | Quiet Title |
| ☐ | CHN | Non-Confidential Change of Name | ☐ | RDR | Relief from Duty to Register |
| ☐ | COL | Collection | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | CON | Condemnation | ☐ | SDR | School District-Required Action Plan |
| ☐ | COM | Commercial | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☐ | DOL | Appeal Licensing Revocation | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☐ | DVP | Domestic Violence | ☐ | STK | Stalking Petition |
| ☐ | EOM | Emancipation of Minor | ☐ | SXP | Sexual Assault Protection |
| ☐ | FJU | Foreign Judgment | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | FOR | Foreclosure | ☐ | TAX | L & I Tax Warrant |
| ☐ | FPO | Foreign Protection Order | ☐ | TAX | Licensing Tax Warrant |
| ☐ | HAR | Unlawful Harassment | ☐ | TAX | Revenue Tax Warrant |
| ☐ | INJ | Injunction | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | INT | Interpleader | ☐ | TRJ | Transcript of Judgment |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ | TTO | Tort – Other |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ | TXF | Tax Foreclosure |
| ☐ | LUPA | Land Use Petition Act | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | MAL | Other Malpractice | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | MED | Medical Malpractice | ☐ | VAP | Vulnerable Adult Protection Order |
| ☐ | MHA | Malicious Harassment | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☒ | MSC2 | Miscellaneous – Civil | ☐ | WDE | Wrongful Death |
| ☐ | MST2 | Minor Settlement – Civil (No Guardianship) | ☐ | WHC | Writ of Habeas Corpus |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ | WMW | Miscellaneous Writs |
| ☐ | PFA | Property Fairness Act | ☐ | WRM | Writ of Mandamus |
| ☐ | PIN | Personal Injury | ☐ | WRR | Writ of Restitution |
| ☐ | PRA | Public Records Act | ☐ | WRV | Writ of Review |

IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.

*Please Note: Public information in court files and pleadings may be posted on a public Web site.*

30132 1 fd299s46xn

**APPEAL/REVIEW**
Administrative Law Review-Petition to the superior court for review of rulings made by state administrative agencies.
Appeal of a Department of Licensing Revocation-Appeal of a DOL revocation (RCW 46.20.308(9)).
Lower Court Appeal-Civil-An appeal for a civil case; excludes traffic infraction and criminal matters.
Lower Court Appeal-Infractions-An appeal for a traffic infraction matter.

**CONTRACT/COMMERCIAL**
Breach of Contract-Complaint involving monetary dispute where a breach of contract is involved.
Commercial Contract-Complaint involving monetary dispute where a contract is involved.
Commercial Non-Contract-Complaint involving monetary dispute where no contract is involved.
Third Party Collection-Complaint involving a third party over a monetary dispute where no contract is involved.

**PROTECTION ORDER**
Civil Harassment-Petition for protection from civil harassment.
Domestic Violence -Petition for protection from domestic violence.
Foreign Protection Orders-Any protection order of a court of the United States, or of any state, territory, or tribal land, which is entitled to full faith and credit in this state.
Sexual Assault Protection-Petition under RCW 7.90.020.
Stalking- Petition for protection from stalking for victims who do not qualify for a domestic violence protection order. (RCW 7.92.030)
Vulnerable Adult Protection-Petition for protection order for vulnerable adults, as those persons are defined in RCW 74.34.020.

**JUDGMENT**
Abstract Only-A certified copy of a judgment docket from another superior court, an appellate court, or a federal district court.
Foreign Judgment-Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.
Judgment, Another County-A certified copy of a judgment docket from another superior court within the state.
Judgment, Another State-Any judgment, decree, or order from another state which is entitled to full faith and credit in this state.
Tax Warrants -A notice of assessment by a state agency creating a judgment/lien in the county in which it is filed. (Four types available.)
Transcript of Judgment-A certified copy of a judgment from a court of limited jurisdiction to a superior court in the same county.

**OTHER COMPLAINT/PETITION**
Change of Name-Petition for a change of name. If change is confidential due to domestic violence/anti-harassment see case type 5 instead.
Deposit of Surplus Funds-Deposit of money or other item with the court.
Emancipation of Minor-Petition by a minor for a declaration of emancipation.
Injunction-Complaint/petition to require a person to do or refrain from doing a particular thing.
Interpleader-Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).
Malicious Harassment-Suit involving damages resulting from malicious harassment.
Minor Settlements-Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).
Petition for Civil Commitment (Sexual Predator)-Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.
Property Damage-Gangs-Complaint involving damage to property related to gang activity.
Public Records Act-Actions filed under RCW 42.56.

Relief from Duty to Register-Civil action requesting relief from duty to register as a sex offender. Petition can address the registration obligation that arises from multiple cases. RCW 9A.44.142, 9A.44.143.
Restoration of Firearms Rights-Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047. (Eff. 9-2-2014)
School District-Required Action Plan-Petition filed requesting court selection of a required action plan proposal relating to school academic performance.
Seizure of Property from the Commission of a Crime-Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.
Seizure of Property Resulting from a Crime-Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).
Subpoenas-Petition for a subpoena.

**PROPERTY RIGHTS**
Condemnation-Complaint involving governmental taking of private property with payment, but not necessarily with consent.
Foreclosure-Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.
Land Use Petition-Petition for an expedited judicial review of a land use decision made by a local jurisdiction (RCW 36.70C.040).
Property Fairness-Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64 RCW.
Quiet Title-Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.
Unlawful Detainer-Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.

**TORT, MEDICAL MALPRACTICE**
Hospital-Complaint involving injury or death resulting from a hospital.
Medical Doctor-Complaint involving injury or death resulting from a medical doctor.
Other Health Care Professional-Complaint involving injury or death resulting from a health care professional other than a medical doctor.

**TORT, MOTOR VEHICLE**
Death-Complaint involving death resulting from an incident involving a motor vehicle.
Non-Death Injuries -Complaint involving non-death injuries resulting from an incident involving a motor vehicle.
Property Damage Only-Complaint involving only property damages resulting from an incident involving a motor vehicle.

**TORT, NON-MOTOR VEHICLE**
Asbestos-Complaint alleging injury resulting from asbestos exposure.
Other Malpractice-Complaint involving injury resulting from other than professional medical treatment.
Personal Injury-Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.
Products Liability-Complaint involving injury resulting from a commercial product.
Property Damages-Complaint involving damage to real or personal property excluding motor vehicles.
Victims of Motor Vehicle Theft-Complaint filed by a victim of car theft to recover damages. (RCW 9A.56.078)
Wrongful Death-Complaint involving death resulting from other than professional medical treatment.

**WRIT**
Writ of Habeas Corpus-Petition for a writ to bring a party before the court.
Writ of Mandamus-Petition for writ commanding performance of a particular act or duty.
Writ of Restitution-Petition for a writ restoring property or proceeds; not an unlawful detainer petition.
Writ of Review-Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.
Miscellaneous Writs

Updated: 8/30/2015